# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALESSIO LEASING, INC., a California Corporation, et al.<br><br>　　　　　　Defendants. | CASE NO. 18cv2154-LAB (AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Dkt. 14]** |

Plaintiff Scott Schutza brought this suit against Defendants Alessio Leasing, Inc. and New Cingular Wireless PCS, LLC alleging that the conditions at Defendants' AT&T retail store violate the Americans with Disability Act ("ADA") and California's Unruh Civil Rights Act. Defendants move to dismiss Schutza's complaint, arguing that he has failed to state a claim for violation of the ADA and that the Court should decline supplemental jurisdiction over Schutza's Unruh Act claim. Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Sometime in September 2017, Scott Schutza, a paraplegic who cannot walk and who uses a wheelchair for mobility, entered an AT&T service store owned by Defendant New Cingular and located on property owned by Defendant Alessio Leasing. According to Schutza, most of the sales counters were too tall for him to use and the only counter of suitable height did not have the necessary clearance underneath for his wheelchair. Schutza brought this suit roughly one year later, alleging that the inaccessible counters

violate the ADA. As in virtually every other ADA suit brought in California, Schutza alleged that, by violating the ADA, Defendants also violated California's Unruh Act. *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section.").

**ANALYSIS**

Defendants argue that Schutza's complaint must be dismissed in its entirety because (1) Schutza has failed to state a claim for violation of the ADA and (2) his state law claim predominates over his federal claim and constitutes impermissible forum shopping.

**1.   ADA Claim**

Defendants first argue that Schutza's claim for violation of the ADA fails a matter of law because he has not plausibly pled that the tables and counters in Defendants' retail store actually violate the clearance requirements of the ADA.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

The parties agree that the first two elements of an ADA claim are met here, so the only question is whether Schutza has plausibly pled that he was denied public accommodations by Defendants because of his disability. Defendants suggest that the Court should dismiss the case because Schutza has not spelled out in exacting detail how their store violated the ADA. They argue, for example, that only "forward

approaching sales and service counters" are required to provide toe clearance under the ADA—all other counters, including those with a "parallel approach," do not. *See* 2010 ADAAG §§ 904.4.1, 904.4.2. Because Schutza has not specifically alleged that the counter he used was a "forward approaching counter" as opposed to a "parallel counter," he has not, in Defendants' view, plausibly alleged a violation of the ADA.

The Federal Rules do not permit dismissal of an ADA complaint based on such formalities. The Court must accept well pled allegations as true and draw reasonable inferences from those allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, Schutza alleges that he visited Defendants' store and found only one sales counter of wheelchair-accessible height. But he was unable to use that counter because it had inadequate clearance underneath for his wheelchair. Drawing reasonable inferences from his allegations, it is plausible that Defendants violated the ADA by providing no sales counters that would accommodate Schutza's disability. Schutza was not required to describe in meticulous detail whether the counters were forward-facing or parallel, and the Ninth Circuit has specifically rejected the argument that a Plaintiff is required to identify a specific ADA guideline in pleading an ADA violation. *See Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1084 (9th Cir. 2004) ("[Defendant] argues that to prevail on his ADA claim '[plaintiff] must establish that the [public accommodation] fails to comply with the specific requirements of the ADAAG.' But despite its dogged insistence on this contention, [defendant] is unable to cite a single authority advancing its position.").

Whether Defendants did in fact have wheelchair-accessible counters—forward-facing, parallel, or otherwise—is a factual question that will be simple to resolve through discovery and summary judgment. For now, though, Schutza has stated a plausible claim for relief, so Defendants' motion to dismiss his federal ADA claim is **DENIED**.

///

///

///

## 2. Unruh Act Claim

Defendants next argue that even if Schutza has stated a plausible claim for relief under the ADA, the Court should decline to exercise supplemental jurisdiction over his derivative state law Unruh Act claim.

In general, a district court is required to exercise supplemental jurisdiction over a state law claim unless "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Because the Court has already determined it has jurisdiction over Schutza's federal ADA claim, only the first, second, and fourth exceptions implicated here, and Defendants argue that each is satisfied. Following the lead of other courts in this Circuit, the Court concludes that exercising supplemental jurisdiction would be improper here in light of the predominance of the state claim and the novel and exceptional circumstances presented.

### a. Plaintiff's state law claim substantially predominates.

The Court agrees with Defendants that Schutza's state law claim substantially predominates over his ADA claim.

The ADA is a purely injunctive statute that does not permit an award of monetary damages. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). The Unruh Act, by contrast, allows a plaintiff to receive both injunctive relief and money damages. *See* Cal. Civ. Code §§ 52, 55.56 (permitting an award of attorney's fees and a $4,000 mandatory minimum for "each particular occasion that the plaintiff was denied full and equal access."). This financial motivation is a double-edged sword. On one hand, it provides additional incentive for disability-access litigants to bring suits to remedy the access issues they encounter, furthering the goals of the ADA and Unruh Act. As the California legislature has noted, though, this financial incentive has also given rise to a cottage industry of litigants and law firms whose primary goal is not the "correction of accessibility

violation[s]," but the extraction of "quick cash settlements" from "small businesses on the basis of boilerplate complaints." Cal. Civ. Proc. Code § 425.55(a)(2). "This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the [Unruh Act and ADA]." *Id.*

Money damages are the primary driver of this suit. While Schutza's prayer for relief contains a request for just $4,000, the statutory minimum, his complaint also notes that he will "return to assess ongoing compliance with the ADA. . . . Given the obvious and blatant nature of the violations and barriers alleged herein, the plaintiff alleges on information and belief, that there are other violations and barriers on site that relate to his disability." Compl., Dkt. 1, at ¶¶ 21, 22. Because Schutza intends to return to the store and possibly plead additional violations, the money damages available to him are open-ended. Other courts considering these types of suits, including suits by Schutza himself, have found that the state law claim for money damages predominated over the request for injunctive relief. *See, e.g., Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1030 (S.D. Cal. 2017) ("These nine allegations, if proven, would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA, Plaintiff would only be entitled to injunctive relief. Thus, under the circumstances presented, the Court finds that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief."); *Schutza v. Lamden*, 2018 WL 4385377, at *4 (S.D. Cal. 2018) ("Considering proof of the presently alleged violations would entitle him to a minimum of $12,000—a minimum of $4,000 for each offense, plaintiff's allegations indicate his predominant focus is uncovering as many possible violations as possible and recovery of money damages under the Unruh Act."). Indeed, courts have found that money damages predominated even where the prayer for money damages was limited to a single count (i.e., $4,000). *See, e.g, Molski v. EOS Estate Winery*, 2005 WL 3952249, at *4 (C.D. Cal. 2005) ("Even though Plaintiffs have submitted a notice of voluntary limitation of damages, seeking only an award of $4,000 to [plaintiff], it is still clear that the

claim for damages is the predominant focus of this lawsuit."). Given the number of other courts to consider this same issue, there's no reason to reinvent the wheel here—the Court adopts the reasoning of its predecessors and finds that Schutza's state law claim under the Unruh Act substantially predominates over his federal claim for injunctive relief.

> **b. Plaintiff's state law claim raises novel issues of state law that present a compelling reason for declining jurisdiction.**

Even if the Court were to conclude that the claim for money damages did not predominate over the federal claim for injunctive relief, issues of comity would still require the Court to decline supplemental jurisdiction.

In 2012, the California legislature amended the Unruh Act to implement heightened pleading requirements for litigants filing claims under that statute. The purpose of those amendments was to deter baseless claims by, among other things, requiring litigants to verify their allegations, include the exact dates they encountered the barrier, and explain the specific way in which the barrier denied the plaintiff full and equal use. *See* Cal. Civ. Proc. Code § 425.50 (effective January 1, 2013). The Unruh Act was amended again in 2015 to implement additional procedural requirements for "high-frequency litigants" like Schutza.[1] These plaintiffs—individuals who have filed more than 10 accessibility-related complaints in the previous year—are required to pay additional filing fees and plead even more specific information in their complaints, such as "the reason the individual was in the geographic area of the defendant's business." Cal. Civ. Proc. Code § 425.50(a)(4)(A) (effective October 10, 2015).

Unfortunately for California, its courts rarely get to interpret the meaning and application of these provisions because creative plaintiffs are able to evade the heightened standards by bootstrapping an Unruh Act claim to a federal ADA claim, taking advantage of the lower pleading standards that come with it. While there's nothing wrong with *preferring* to proceed in federal court, there is no *substantive* reason to do so in these

---

[1] According to PACER, as of April 4, 2019, Schutza had filed at least 196 cases as a plaintiff in federal court.

cases. The only relief available under the ADA is injunctive relief, which can also be secured in state court. In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the "quality of judges [and] the quality of legal rulings" is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal courts. The convenience of electronic filing and the widespread availability of published opinions—other arguments Schutza advances—may be creature comforts that make filing in federal court more enticing, but they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims. If Schutza were able to articulate a persuasive reason for his decision to file in federal court, perhaps this would be a different story. As it stands, though, the Court can discern no basis for the state law claim being filed in federal court other than to prevent California from being able to apply and enforce its own rules.

Schutza also urges that to decline supplemental jurisdiction here would be an inefficient use of judicial resources because two suits concerning the same facts would proceed parallel in two separate courts. But this is a problem of his own making. As discussed above, there is no relief available to Schutza in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff. The Court declines to exercise supplemental jurisdiction over Schutza's Unruh Act claim and therefore **DISMISSES THE CLAIM WITHOUT PREJUDICE**.

/ / /

## Conclusion

Schutza has stated a plausible claim for relief under the ADA. Defendants' motion to dismiss is **DENIED** as to that cause of action. In the interests of comity, the Court declines to exercise supplemental jurisdiction over Schutza's state law claim under California's Unruh Act, and so **GRANTS** Defendants' motion to dismiss as to that claim. Plaintiff's Unruh Act clam is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 5, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge